### THOMSON-HOUSTON ELECTRIC CO. v. OHIO BRASS CO. et al.
#### (two cases).

(Circuit Court, N. D. Ohio, E. D. July 18, 1896.)

#### Nos. 5,510 and 5,511.

1. PATENTS—CONTRIBUTORY INFRINGEMENT.
   Parties who make, and advertise for sale in their catalogue, as an independent device, one part of a patented combination, which part is valuable only in connection with the other elements of the combination, are guilty of contributory infringement.

2. SAME—PRELIMINARY INJUNCTION.
   Preliminary injunction granted against infringements of the Van Depoele patents, Nos. 424,695 and 495,443, covering electric trolley switching devices.

These were two suits in equity by the Thomson-Houston Electric Company against the Ohio Brass Company and others for alleged infringement of patents relating to electric trolley switching devices.

Frederic H. Betts, for complainant.

Frank T. Brown, for defendants.

RICKS, District Judge. These two cases are before the court upon a motion for a preliminary injunction. Case No. 5,511 involves a motion for preliminary injunction to restrain the infringement of the Van Depoele patent No. 495,443, dated April 11, 1893, application for which was filed in the patent office on March 12, 1887. Case No. 5,510 involves a similar motion for preliminary injunction on patent No. 424,695, dated April 1, 1890, application for which was originally filed on March 12, 1887, being a part of application for patent No. 495,443, but was divided in the application upon which the patent finally issued, which was filed October 27, 1888. Both of these patents have been previously adjudicated to be valid. Patent No. 495,443 has been adjudicated valid in the case of Thomson-Houston Electric Co. v. Winchester Ave. Ry. Co., 71 Fed. 192; and patent No. 424,695 has been adjudicated valid in the case of Thomson-Houston Electric Co. v. Elmira & H. Ry. Co., 69 Fed. 257, and, on appeal, in Id., 18 C. C. A. 145, 71 Fed. 396. The claims of patent No. 495,443 which are alleged to be infringed by the defendants herein were claims Nos. 6, 7, 8, 12, and 16, all of which are sustained by Judge Townsend, in the case above referred to, in 71 Fed. 192. The defendants were duly served with notice of these decisions, and with requests to desist from further advertising the infringing devices, and further offering them for sale. Complainant has filed an affidavit of Mr. Coffin showing that they are fully equipped and ready to supply all demands from the electric railways for all necessary parts.

The defenses to these motions are based upon two propositions: First, that the defendants have not infringed, because they have only sold certain parts of the patented combinations claimed; second, that the patents are void, because the inventions claimed in the claims in suit have been previously described in prior patents to the same inventor. The complainant contends that it is no defense for a party sued for infringement of patented combinations that the infringer has only made and sold a part of said combination, if the proof shows that he made and sold those parts for the purpose and with the intention that the purchaser should utilize it by supplying the other parts. This proposition is well sustained by Judge Townsend in the case of Thomson-Houston Electric Co. v. Kelsey Electric Railway Specialty Co., 72 Fed. 1016, a copy of which opinion is filed and annexed to the affidavit of one of the witnesses in this case.

The patent No. 424,695, in its third, eleventh, and nineteenth claims, covers a combination of overhead suspended wire conductor, the switch plate having depending flanges in an upwardly

pressing contact device, which is claimed as an invention. This contact device is named in the eleventh and nineteenth claims as a grooved wheel carried on the end of an upwardly pressed arm. The trolley arm and groove passes under the frog where the electrical contact is with the tips of the roller, instead of by wire to the bottom of the groove. The defendants make this switch device, advertise it for sale in their catalogue, and offer it as an independent device; but, as constructed and sold, it is, in and of itself, of no use, and can only become valuable and useful when attached to the other combinations of the trolley system. This is a clear case of contributory infringement. If the device could be used for any other purpose, independent of the combination referred to, the defendants would not be interfered with in the manufacture and sale of the same. But, inasmuch as it is valuable only in connection with the other combinations of the patent, it would defeat the spirit and purpose of the patent laws if the defendants were allowed to manufacture and sell it unrestrained and unconditionally.

But it is claimed that there is no proof of infringement, that a single sale of this device was made to one of complainant's agents, and that the defendants did not know for what purpose it was to be used. But this is a mere evasion. The defendants advertise this device in their catalogue by a cut, and offer it for sale; and it is idle for them now to say that they only made this single sale, and are, therefore, not infringers. They would not advertise it at a great expense. They would not manufacture it at an expense, and offer it for sale through agents at an expense, without intending to reap some profit from it, or promote their business interests in some way by it.

Both these patents have been fully considered by the circuit courts of the United States in the Eastern districts, and, after full and fair hearing, have been adjudged to be valid. So far as I can discover from the defendants' briefs, every point now urged against these patents was considered in the other cases. It is urged, however, that, under the decisions of the circuit courts referred to, it became necessary for the complainant to make disclaimer as to certain claims, and that these disclaimers have been so broad as to give the public the right to use the inventions therein referred to. But even this contention has been before heard and disposed of. It will not, therefore, be profitable or useful for this court to review these decisions, and consider these objections at length. I think the universal practice and custom is, when cases have thus been once fully heard and considered, to accept the decisions of the lower courts until passed upon by the highest courts. In one of these cases, at least, the circuit court of appeals for the New York circuit has affirmed the decision of the court below, and this decision may, therefore, be accepted as final.

I think the proof of infringement is sufficient. Judge Lacombe, upon similar proof, allowed an injunction on the same patents in New York, and I think the complainant is entitled to the relief prayed for in these cases. An injunction will be allowed restrain-

ing the defendants from manufacturing the switch plate covered by the patent No. 424,695, as described in claims 3, 11, and 19, and defendants will be further restrained from manufacturing the device covered by patent No. 495,443, in claims 6, 7, 8, 12, and 16.

If, as contended by defendants' counsel, the defendants are not manufacturing or selling these devices, no harm can result from the allowance of an injunction and restraining order. If, on the contrary, they are making any characteristic parts of the combination covered by the several claims hereinbefore stated, and selling them or disposing of them in such manner as to make it difficult for the complainant to prove infringement, they ought not to be encouraged in any such trick or device. If, as contended, the infringements are so few and so trifling that they cannot be proven, no harm can result to the defendants. If, on the other hand, the infringements are cunningly hidden from observation, and difficult to prove, the complainant ought not to suffer by it. This patent having been established at great expense, and after long litigation, the complainant is entitled to the full benefit conferred upon it as the owner of a valid patent under the patent laws, and should have the full protection of the court. A decree may be prepared accordingly.